W. R. WRIGHT, Respondent, v. C. B. SEBASTIAN,
Appellant.

Kansas City Court of Appeals, October 3, 1910.

**VERDICT: Counterclaim.** A verdict, which fails to include a
specific finding on a counterclaim is not defective where it ap-
pears that the jury did consider and determine the issues raised
by the counterclaim, and rendered a verdict for plaintiff which
included a determination of those issues.

Appeal from Boone Circuit Court.—*Hon. A. H. Waller,*
Judge.

AFFIRMED.

*N. T. Gentry* for appellant.

*W. H. Rothwell* for respondent

JOHNSON, J.—Plaintiff alleges that he was a
client of defendant, a lawyer of Boone county, and that
defendant owes him $169.51 on account of the collec-
tion of a judgment recovered by plaintiff in a slander
suit. In effect the answer admits an indebtedness to
plaintiff of $159.21 on account of the collection of the
judgment and alleges a counterclaim of $150 due de-
fendant on account of professional services in other
matters which defendant alleges he rendered plaintiff.
After deducting the counterclaim, the answer tenders
plaintiff the remainder due him of $9.21. The reply
filed by plaintiff is a general denial of the counterclaim.

The only issue contested at the trial was the claim
of $150 attorney's fees made in the counterclaim. The
position of each party with respect to that issue was sup-
ported by substantial evidence. On the part of defend-
ant the evidence tends to show that he rendered ser-

149 App—35

vices to plaintiff in several matters and that $150 was the reasonable value of all such services. On the part of plaintiff the evidence tends to show that the only professional service rendered by defendant for which he was not paid was one for which five dollars would be reasonable compensation. The jury believed the evidence of plaintiff and gave him a verdict for $145. To arrive at this verdict the jury must have allowed defendant five dollars on his counterclaim.

Point is made that the instruction given at the request of plaintiff is out of harmony with that given at the instance of defendant and that it incorrectly declares the law of the case, but we find the instructions to be consistent.

Complaint is made of the verdict on the ground that it fails to include a specific finding on the counterclaim but this complaint is fully answered in our decision in Nowell v. Mode, 132 Mo. App. 232. Where it appears, as it does here, "that the jury did consider and determine the issues raised by the counterclaim and rendered a verdict for plaintiff which included a determination of those issues, the verdict should be regarded as responsive, though it be silent as to the counterclaim."

We find no error in the record and the judgment will be affirmed. It is so ordered. All concur.